# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO
## WESTERN DIVISION

| | |
|---|---|
| JOHNNIE D. COOK,<br>    Plaintiff, | Case No. 1:18-cv-341 |
| vs | Dlott, J.<br>Bowman, M.J. |
| WARDEN RON ERDOS, et al.,<br>    Defendants. | **REPORT AND<br>RECOMMENDATION** |

Plaintiff, an inmate at the Southern Ohio Correctional Facility (SOCF) in Lucasville, Ohio, brings this civil rights action under 42 U.S.C. § 1983 against defendants Warden Ron Erdos and David McCroskey. (*See* Doc. 1, Complaint at PageID 14). By separate Order, plaintiff has been granted leave to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915. This matter is before the Court for a *sua sponte* review of the complaint to determine whether the complaint, or any portion of it, should be dismissed because it is frivolous, malicious, fails to state a claim upon which relief may be granted or seeks monetary relief from a defendant who is immune from such relief. *See* Prison Litigation Reform Act of 1995 § 804, 28 U.S.C. § 1915(e)(2)(B); § 805, 28 U.S.C. § 1915A(b).

In enacting the original *in forma pauperis* statute, Congress recognized that a "litigant whose filing fees and court costs are assumed by the public, unlike a paying litigant, lacks an economic incentive to refrain from filing frivolous, malicious, or repetitive lawsuits." *Denton v. Hernandez,* 504 U.S. 25, 31 (1992) (quoting *Neitzke v. Williams,* 490 U.S. 319, 324 (1989)). To prevent such abusive litigation, Congress has authorized federal courts to dismiss an *in forma pauperis* complaint if they are satisfied that the action is frivolous or malicious. *Id.*; *see also* 28 U.S.C. §§ 1915(e)(2)(B)(i) and 1915A(b)(1). A complaint may be dismissed as frivolous when the plaintiff cannot make any claim with a rational or arguable basis in fact or law. *Neitzke,* 490 U.S. at 328-29; *see also Lawler v. Marshall*, 898 F.2d 1196, 1198 (6th Cir.

1990). An action has no arguable legal basis when the defendant is immune from suit or when plaintiff claims a violation of a legal interest which clearly does not exist. *Neitzke,* 490 U.S. at 327. An action has no arguable factual basis when the allegations are delusional or rise to the level of the irrational or "wholly incredible." *Denton,* 504 U.S. at 32; *Lawler,* 898 F.2d at 1199. The Court need not accept as true factual allegations that are "fantastic or delusional" in reviewing a complaint for frivolousness. *Hill v. Lappin*, 630 F.3d 468, 471 (6th Cir. 2010) (quoting *Neitzke*, 490 U.S. at 328).

Congress also has authorized the *sua sponte* dismissal of complaints that fail to state a claim upon which relief may be granted. 28 U.S.C. §§ 1915 (e)(2)(B)(ii) and 1915A(b)(1). A complaint filed by a *pro se* plaintiff must be "liberally construed" and "held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam) (quoting *Estelle v. Gamble,* 429 U.S. 97, 106 (1976)). By the same token, however, the complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)); *see also Hill*, 630 F.3d at 470-71 ("dismissal standard articulated in *Iqbal* and *Twombly* governs dismissals for failure to state a claim" under §§ 1915A(b)(1) and 1915(e)(2)(B)(ii)).

"A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 556). The Court must accept all well-pleaded factual allegations as true, but need not "accept as true a legal conclusion couched as a factual allegation." *Twombly*, 550 U.S. at 555 (quoting *Papasan v. Allain*, 478 U.S. 265, 286

(1986)). Although a complaint need not contain "detailed factual allegations," it must provide "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 555). A pleading that offers "labels and conclusions" or "a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555. Nor does a complaint suffice if it tenders "naked assertion[s]" devoid of "further factual enhancement." *Id.* at 557. The complaint must "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Erickson*, 551 U.S. at 93 (citations omitted).

Plaintiff, who is proceeding *pro se*, brings this § 1983 action against SOCF prison officials Warden Erdos and C/O McCroskey. (Doc. 1-1, Complaint at PageID 14). In the complaint, plaintiff brings two claims for violations of his Eighth Amendment rights.

In his first claim, plaintiff alleges that his Eighth Amendment rights were violated by Warden Erdos for implementing an exercise restriction at SOCF. (*Id.* at PageID 15). Plaintiff states that Warden Erdos permits "prison officials to place prisoners on exercise restriction for periods of time such as 30, 60, 90, and 180 days." (*Id.*). Plaintiff alleges the exercise restriction deprives him "of the right to exercise outside of [his] cell which is a human basic need." *Id*

In his second claim for relief, plaintiff alleges his Eighth Amendment rights were violated on April 23, 2018 by C/O McCroskey for placing him on a "exercise restriction for a period of ninety (90) days." (*Id.*). Plaintiff states the exercise restriction was imposed after "[C/O] McCroskey found [him] guilty of violating institutional rules." (*Id.*).

As relief, plaintiff seeks declaratory and injunctive relief, as well as monetary damages. (*Id*. at PageID 16).

Plaintiff's complaint is subject to dismissal at the screening stage for failure to state a

claim upon which relief may be granted by this Court.

As an initial matter, the complaint should be dismissed as to defendants in their official capacities to the extent that plaintiff seeks monetary damages. (*See* Doc. 1, Complaint at PageID 16). Absent an express waiver, a state is immune from damage suits under the Eleventh Amendment. *P.R. Aqueduct & Sewer Auth. v. Metcalf & Eddy*, 506 U.S. 139 (1993); *Edelman v. Jordan*, 415 U.S. 651 (1974). The State of Ohio has not constitutionally nor statutorily waived its Eleventh Amendment immunity in the federal courts. *See Johns v. Supreme Court of Ohio*, 753 F.2d 524 (6th Cir. 1985); *State of Ohio v. Madeline Marie Nursing Homes*, 694 F.2d 449 (6th Cir. 1982). The Eleventh Amendment bar extends to actions where the state is not a named party, but where the action is essentially one for the recovery of money from the state. *Edelman*, 415 U.S. at 663; *Ford Motor Company v. Dept. of Treasury*, 323 U.S. 459, 464 (1945). A suit against defendants in their official capacities would, in reality, be a way of pleading the action against the entity of which defendants are agents. *Monell*, 436 U.S. at 690. Thus, actions against state officials in their official capacities are included in this bar. *Will v. Michigan Dept. of State Police*, 491 U.S. 58, 70-71 (1989); *Scheuer v. Rhodes*, 416 U.S. 232 (1974). *See also Colvin v. Caruso*, 605 F.3d 282, 289 (6th Cir. 2010) (citing *Cady v. Arenac Co.*, 574 F.3d 334, 344 (6th Cir. 2009) ("[A]n official-capacity suit against a state official is deemed to be a suit against the state and is thus barred by the Eleventh Amendment, absent a waiver." (citation and ellipsis omitted)). Therefore, all of the named defendants are immune from suit in their official capacities to the extent that plaintiff seeks monetary damages.

In any event, in order to state a viable § 1983 claim, plaintiff must allege facts showing that he was deprived of "a right secured by the United States Constitution or a federal statute by

4

a person who was acting under color of state law." *Spadafore v. Gardner*, 330 F.3d 849, 852 (6th Cir. 2003). In this case, although plaintiff claims that his rights under the Eighth Amendment were violated by virtue of the 90-day exercise restriction, his factual allegations do not give rise to a viable claim of federal constitutional dimension.

The Eighth Amendment prohibits prison conditions that deprive inmates of "the minimal civilized measure of life's necessities," *Rhodes v. Chapman*, 452 U.S. 337, 347 (1981), but "does not bar every unpleasant experience a prisoner might endure while incarcerated." *Brown v. Kelly*, No. 4:12cv1356, 2012 WL 5877424, at *2 (N.D. Ohio Nov. 20, 2012) (citing *Ivey v. Wilson*, 832 F.2d 950, 954 (6th Cir. 1987)). Although a "total or near-total deprivation of exercise or recreational opportunity, *without penological justification*, violates Eighth Amendment guarantees," *Patterson v. Mintzes*, 717 F.2d 284, 289 (6th Cir. 1983) (emphasis added), the "[o]ccasional deprivation of recreation for a limited time is insufficient to suggest the type of extreme deprivations necessary for an Eighth Amendment conditions of confinement claim." *Brown, supra,* 2012 WL 5877424, at *3 (citing *Wilson v. Seiter*, 501 U.S. 294, 298 (1991)). The Sixth Circuit has "never set a minimum amount of time a prisoner must have access to outdoor recreation." *See Argue v. Hofmeyer*, 80 F. App'x 427, 430 (6th Cir. 2003) (citing *Rodgers v. Jabe*, 43 F.3d 1082, 1086-87 (6th Cir. 1995)). Moreover, numerous courts, including this Court, have held in analogous cases that recreation restrictions imposed for a limited time as part of a disciplinary sanction do not violate the Eighth Amendment. *See, e.g., Cammon v. Bell*, No. 1:08cv479, 2008 WL 3980469, at *1-2 (S.D. Ohio Aug. 21, 2008) (Dlott, J.) (and cases cited therein) (dismissing at screening stage the SOCF inmate's complaint challenging an 84-day recreation restriction, wherein the inmate allegedly "was in segregation

5

during the entire period of his recreation restriction and on 'lock down nearly 24 hours per day'"); *see also Govereh v. Pugh*, No. 4:12cv697, 2012 WL 3683541, at *4 (N.D. Ohio Aug. 22, 2012) (dismissing Eighth Amendment claim stemming from the denial of, among other things, recreational privileges while the plaintiff was held in his cell under conditions similar to those in segregation unit). Therefore, plaintiff's complaint fails to state a claim under the Eighth Amendment.

To the extent that plaintiff may challenge the imposition of the exercise restriction on due process grounds, he fails to state a claim for relief under the Fourteenth Amendment because the challenged disciplinary action did not amount to a deprivation of a constitutionally protected liberty interest. In *Sandin v. Conner*, 515 U.S. 472 (1995), the Supreme Court held that the Fourteenth Amendment confers on prisoners only a "limited" liberty interest "to freedom from restraint which . . . imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life," or which "will inevitably affect the duration of his sentence." *Sandin*, 515 U.S. at 484, 487; *see also Jones v. Baker*, 155 F.3d 810, 812 (6th Cir. 1998); *Williams v. Wilkinson,* 51 F. App'x 553, 556 (6th Cir. 2002). The Sixth Circuit has held that confinement in segregation generally does not rise to the level of an "atypical and significant" hardship implicating a liberty interest except in "extreme circumstances, such as when the prisoner's complaint alleged that he is subject to an *indefinite* administrative segregation" or that such confinement was excessively long in duration. *Joseph v. Curtin*, 410 F. App'x 865, 868 (6th Cir. 2010) (citing *Harden-Bey v. Rutter*, 524 F.3d 789, 795 (6th Cir. 2008)) (emphasis in original); *see also Harris v. Caruso,* 465 F. App'x 481, 484 (6th Cir. 2012) (holding that the prisoner's 8-year confinement in segregation was of "atypical duration" and thus "created a

liberty interest that triggered his right to due process"). *Cf. Wilkinson v. Austin*, 545 U.S. 209, 223-24 (2005) (ruling that an inmate's transfer to Ohio's "supermax" prison "imposes an atypical and significant hardship" given the combination of extreme isolation of inmates, prohibition of almost all human contact, indefinite duration of assignment, and disqualification for parole consideration of otherwise eligible inmates).

Here, plaintiff has not alleged that the challenged disciplinary sanction resulted in the lengthening of his prison sentence, the withdrawal of good-time credits, or the deprivation of any necessities of life. Although petitioner contends that he was placed on a 90-day exercise restriction, the loss of recreational privileges does not amount to an "atypical and significant hardship" under *Sandin*. *See, e.g., Durham v. Jeffreys,* No. 1:13cv226, 2013 WL 6147921, at *4 (S.D. Ohio Nov. 22, 2013) (Litkovitz, M.J.) (Report & Recommendation) (and numerous cases cited therein) (in holding that the prisoner's due process claim challenging his 100-day confinement in segregation was subject to dismissal at screening stage, the Court noted that "[a]lthough plaintiff has also alleged that he was only permitted one hour out of his cell for recreation during that 100-day period, the loss of recreational privileges does not amount to an 'atypical and significant hardship' under *Sandin*"), *adopted*, 2014 WL 63936 (S.D. Ohio Jan. 8, 2014) (Weber, J.). *Cf. Payne v. Dretke,* 80 F. App'x 314, 315 (5th Cir. 2003) (per curiam) (involving commissary and recreation restrictions); *Barham v. Duckworth*, No. 95-2913, 1997 WL 686207, at *1 (7th Cir. Oct. 28, 1997) (involving 30-day loss of recreational privileges); *Davis v. Collins*, No. 4:13CV140 CDP, 2013 WL 3457096, at *3 (E.D. Mo. July 9, 2013) (and cases cited therein) ("Under the standards set forth in *Sandin*, the loss of recreation time cannot be said to be atypical, significant deprivations that could encroach upon any liberty interest.");

*Maxwell v. Clarke*, No. 7:12cv00477, 2013 WL 2902833, at *9 (W.D. Va. June 13, 2013) (citing holding in *Beverati v. Smith*, 120 F.3d 500, 503 (4th Cir. 1997), that six-month period of segregation with "no outside recreation" did not impose an atypical and significant hardship on the prisoner), *aff'd*, 540 F. App'x 196 (4th Cir. Sept. 27, 2013) (per curiam); *Brown v. LeBlanc*, Civ. Act. No. 09-1477-P, 2013 WL 1947180, at *9 (W.D. La. Mar. 27, 2013) (Report & Recommendation) ("12 weeks loss of yard/recreation privileges does not constitute the type of atypical punishment that presents a significant deprivation which would implicate due process concerns"), *adopted*, 2013 WL 1947175 (W.D. La. May 9, 2013).  Accordingly, because plaintiff does not have a protected liberty interest under the circumstances alleged herein, his complaint does not state a claim under the Fourteenth Amendment's Due Process Clause.

Accordingly, in sum, the complaint should be dismissed pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b)(1) because plaintiff has failed to state a claim upon which relief may be granted.

**IT IS THEREFORE RECOMMENDED THAT:**

1.  The plaintiff's complaint be **DISMISSED** with prejudice pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b)(1).

2.  The Court certify pursuant to 28 U.S.C. § 1915(a)(3) that for the foregoing reasons an appeal of any Order adopting this Report and Recommendation would not be taken in good faith and therefore deny plaintiff leave to appeal *in forma pauperis*.  *See McGore v. Wrigglesworth*, 114 F.3d 601 (6th Cir. 1997).

    *s/ Stephanie K. Bowman*
Stephanie K. Bowman
United States Magistrate Judge

**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION**

JOHNNIE D. COOK,
    Plaintiff,

vs

WARDEN RON ERDOS, et al.,
    Defendants.

Case No. 1:18-cv-341

Dlott, J.
Bowman, M.J.

**NOTICE**

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to this Report & Recommendation ("R&R") within **FOURTEEN (14) DAYS** after being served with a copy thereof. That period may be extended further by the Court on timely motion by either side for an extension of time. All objections shall specify the portion(s) of the R&R objected to, and shall be accompanied by a memorandum of law in support of the objections. A party shall respond to an opponent's objections within **FOURTEEN DAYS** after being served with a copy of those objections. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn,* 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).